CHILDS et al. v. LE BROCQ.

(Circuit Court of Appeals, Second Circuit. April 4, 1910.)

No. 181.

PATENTS (§ 195*)—AGREEMENT TO ASSIGN—SUFFICIENCY OF EVIDENCE.

Defendants contracted with plaintiff that they would at their own expense apply for a patent for an article invented by plaintiff, and as soon as a patent was issued and a satisfactory practical demonstration had, would pay plaintiff $500, and the profits on the patented articles sold until he had received $2,500, for his invention. They made two applications for a patent, both of which were rejected; but one of defendants subsequently obtained a patent for a similar article. No profits were made from its sale, however, and it proved commercially a failure. *Held*, in an action by plaintiff, claiming that such patent embodied his invention, that if the action was considered as one on the contract there could be no recovery beyond $500, because further payment was contingent on the making of profits; that if considered as an action in tort the measure of damages was the value of the invention, of which the price fixed by the contract furnished no evidence; and that a verdict for plaintiff based thereon for the full $2,500 could not be sustained on either theory.

[Ed. Note.—For other cases, see Patents, Dec. Dig. § 195.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In Error to the Circuit Court of the United States for the Eastern District of New York.

Action by Richard . F. Le Brocq against William H. Childs and Walter A. Forman. Judgment for plaintiff, and defendants bring error. Reversed.

Niles & Johnson (W. W. Niles, of counsel), for plaintiff in error.
H. B. Philbrook, for defendant in error.

Before LACOMBE, COXE, and WARD, Circuit Judges.

WARD, Circuit Judge. June 6, 1899, the defendants agreed with the plaintiff that they at their own expense would apply for a patent for a safety clutch for elevator cars which he had invented, and as soon as the patent was issued and a satisfactory practical demonstration had they would pay him $500 in cash and the profit on every clutch sold until he had received in all $2,500 for his invention. Thereupon the plaintiff assigned his invention to the defendant Forman. The jury have found that Forman was acting throughout on behalf of the defendant Childs, as well as of himself.

July 27, 1899, an application was filed in the Patent Office, which was rejected and after amendment was again rejected, September 6, 1900; no patent ever being issued. March 23, 1900, while the above-mentioned application was pending, the defendant Forman made an independent application, as inventor, for a patent for a safety clutch for elevator cars, which was granted May 6, 1902. August 20, 1907, the plaintiff began this suit.

It is difficult to extract the cause of action from the complicated complaint; but the case was tried and disposed of on the theory that the plaintiff sought to recover damages sustained by him as the result of the defendants wrongfully getting for themselves a patent for his invention. He contended that the patent issued to the defendant Forman was for his (the plaintiff's) invention, which the defendants denied. We must assume that the jury have found in his favor on this point, and also on the proposition that a satisfactory practical demonstration had been made. Under these circumstances the plaintiff could not recover upon the contract more than $500, because the proof is uncontradicted that no profits were made out of which to pay the balance of the purchase price, $2,000.

Treating the action as in tort, which was the theory on which it was tried, to recover damages for the wrongful appropriation by the defendants of the plaintiff's invention, the measure of damages is obviously the value of the invention. The verdict for $2,300 was evidently arrived at by valuing the plaintiff's invention at the sum of $2,500 mentioned in the contract, less the amount of $195.75 loaned him by the defendant Forman during the pendency of the application for the first patent, which was never granted, for which he gave his note. But the proof showed that no clutch was manufactured or sold between the date of the patent to Forman, May 6, 1902, and the trial, May 27, 1909. The evidence is that the invention was commercially a failure. What the defendants had agreed they would pay the plaintiff upon a

contingency which never happened, viz., $2,000 out of the first profits earned, is no evidence of the actual value of the invention.

Judgment reversed.